ORIGINAL

FILED
DEC 26 2006
U.S. COURT OF FEDERAL CLAIMS

# In United States Court of Federal Claims

| | |
|---|---|
| YOMBA SHOSHONE TRIBE, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES;<br>DIRK KEMPTHORNE, Secretary of Interior, U.S. Department of the Interior;<br>ROSS O. SWIMMER, Special Trustee, Office of Special Trustee for American Indians, U.S. Department of the Interior;<br>HENRY M. PAULSON, JR., Secretary of the Treasury, U.S. Department of the Treasury,<br><br>Defendants. | No. 06-896 L |

## COMPLAINT

### A. INTRODUCTION

1. Plaintiff brings this action for damages not sounding in tort suffered by Plaintiff as a result of Defendants' mismanagement of Plaintiff's trust funds and other trust assets in Defendants' custody and control.

### B. PARTIES

2. Plaintiff is a federally recognized Indian Tribe listed in the federal register as published by the Assistant Secretary – Indian Affairs pursuant to the Federally Recognized Indian Tribe List Act of 1994, Pub. L. No. 103-454, 108 Stat. 4791 (Nov. 2, 1994). Plaintiff's Reservation is situated in Nye County, Nevada.

3. Defendant United States of America ("United States") bears overall responsibility for the acts and omissions of all of the federal defendants, and is amenable to this suit under 28 U.S.C. §§ 1491 and 1505.

4. Defendant Dirk Kempthorne is the Secretary of Interior who is charged by law with carrying out the duties and responsibilities of the United States as trustee for the Plaintiff and Plaintiff's trust assets.

5. Defendant Henry M. Paulson, Jr. is the Secretary of the Treasury who is the custodian of Plaintiff's trust funds and trust assets, and who is responsible for the administration of those funds and assets and for the preparation and maintenance of records in connection therewith.

6. Defendant Ross O. Swimmer is the Special Trustee for American Indians, appointed by the President of the United States with the advice and consent of the Senate. Defendant Swimmer's legal duties and responsibilities to the Plaintiff as special trustee are spelled out in part by the Act of October 25, 1994, Pub. L. No. 103-412, 108 Stat. 4239.

**C. JURISDICTION AND VENUE**

7. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1491 and 1505 specifically authorizing civil suits by Indian tribes against the United States for money damages in excess of $10,000. This case arises under the Constitution of the United States, including but not limited to the United States Const. Art. 6 (Supremacy Clause) and Amend. 5 (Due Process and Takings Clauses); and federal statutes and federal common law. As pled herein, it also arises under federal statutes and federal common law governing the Plaintiff's legal relationship with the United States and governing the administration and management of assets and funds held by the United States in trust for the Plaintiff.

8. Venue is proper in this court pursuant to 28 U.S.C. §§ 1491 and 1505 because this is an action for damages not sounding in tort against the United States, and against executive branch bodies and officials of the United States acting in an official capacity.

## D. FACTUAL AVERMENTS

9. Plaintiff is the beneficial owner of funds currently and/or previously held in trust for the Plaintiff in trust by the United States as Indian trustee.

10. Plaintiff is the beneficial owner of certain land and other assets, title to which is held by the United States for the use and benefit of the Plaintiff and/or Plaintiff's members.

11. Plaintiff is the beneficial owner of other natural resources located within the exterior boundaries of Plaintiff's reservation, including but not limited to water and a variety of mineral reserves, which are held in trust by the United States for the use and benefit of the Plaintiff and/or Plaintiff's members.

12. Plaintiff's assets held in trust by the United States and managed by Defendants pursuant to statutory requirements include valuable lands suitable for grazing, agriculture, recreational use, and for other purposes.

13. Plaintiff entered into certain settlements, judgments and other contractual agreements with the United States and others pursuant to which the United States took possession of certain of Plaintiff's monetary assets and funds ("Trust Funds"). Once the United States took possession of these Trust Funds, it became the trustee for those funds and had specific obligations as trustee. E.g., 25 U.S.C. §§ 161, 161a, and 162.

14. The United States, as trustee, has a fiduciary relationship with the Plaintiff and an obligation to administer the Trust Funds with the greatest skill and care possessed by the trustee.

15. The trust obligations of the United States include, but are not limited to, the duty to: (a) collect trust funds owed to the Plaintiff; (b) create trust accounts to hold the Plaintiff's trust funds; (c) ensure that the monies owed or paid for Plaintiff's benefit pursuant to a settlement, judgment or other agreement are placed in those accounts in a timely manner; (d) manage Plaintiff's non-monetary trust assets pursuant to requirements placed on the United States by law; (e) maintain adequate records with respect to Plaintiff's trust funds and non-monetary trust assets; (f) maintain adequate systems and controls to guard against errors and dishonesty; (g) provide regular and accurate accountings to the Plaintiff as the trust beneficiary; (h) refrain from self-dealing or benefiting from the management of the trust funds and non-monetary trust assets; (i) ensure the Federal Government's compliance with the protections afforded the Plaintiff under the Constitution of the United States and other applicable laws; (j) consult with the Plaintiff regarding the management of its trust funds and non-monetary trust assets; and (k) ensure that Plaintiff's trust funds and non-monetary trust assets are protected, preserved and managed so as to produce the highest rate of return to the tribal owner.

16. In recognition of these trust obligations, the United States has obligated itself to invest the Trust Funds in any "public obligations of the United States or in any bonds, notes, or other obligations which are unconditionally guaranteed as to both interest and principal by the United States." 25 U.S.C. § 162a(a). Alternatively, the United States has an obligation to deposit Plaintiff's trust funds in an approved bank,

unless otherwise required by law to pay a higher interest rate than could be procured from the bank. *Id*.

17. Congress has charged the Defendants with fulfilling the obligations of the United States as trustee and with the responsibility for the administration and management of all trust funds of the Plaintiff in compliance with the Constitution of the United States and other federal law.

18. Pursuant to this Congressional mandate, when they took office, all the Defendants in this case and their predecessors assumed the responsibility for the administration, management and investment of the Trust Funds.

19. Upon information and belief, Defendant Secretary of the Interior and his predecessors have deposited the Trust Funds in banks or invested them in obligations of the United States.

20. As a result of their Congressionally mandated duties, Defendants have control over all of the records of accounts affecting the Plaintiff's Trust Funds.

21. The Defendants have failed to meet their statutory and other legal obligations to the Plaintiff.

22. Defendants have failed to provide the Plaintiff with a clear statement of the interest and dividends being paid on the Trust Funds.

23. Defendants have failed to establish an effective system for regular or periodic accountings of the Plaintiff's trust funds.

24. Defendants have never rendered a full, accurate and timely audit or accounting to the Plaintiff of its trust funds, or provided the Plaintiff with a clear statement as to the origin or use of all of the funds in each of its accounts.

25. Plaintiff has never received an accurate accounting of how the Trust Funds were invested, the rate of interest paid on the Trust Funds, how the Trust Funds were expended, and what happened to the Trust Funds after they were accepted for management by the United States and, to the extent paid out, whether Plaintiff actually received the full consideration provided in those certain settlements, judgments and other contractual agreements.

26. Defendants have kept and continue to keep the Plaintiff uninformed as to: (a) the Trust Funds it owns; (b) the income that Plaintiff's currently owned and previously owned Trust Funds have produced; and (c) what disposition, if any, has been made of that income and the Trust Funds.

27. Upon information and belief, Defendants have invested the Trust Funds at rates lower than allowed by law, resulting in financial loss to Plaintiff in an amount to be proven at trial.

28. Upon information and belief, Defendants are unable to account accurately for the Trust Funds or provide Plaintiff with full and accurate statements of its Trust Fund balances.

29. The United States Inspector General for the Department of Interior, the United States General Accounting Office and the Unites States Congress have all found that massive and long-standing problems exist with Defendants' administration of Indian trust funds.

30. After a series of oversight hearings on the Department of the Interior's management of Indian trust funds, Congress issued a report wherein it condemned the Department of Interior's administration and management practices and characterized

the administration of Indian Affairs as being "expensive, inefficient, and irresponsible." *See* H.R. Rep. No. 103-778, 103d Cong., 2d Sess. 10 (1994).

31. Congress issued a report noting numerous reports prepared by the Interior Department's Inspector General, the General Accounting Office and the Office of Management and Budget which documented significant and habitual problems with the management of tribal trust funds. *See Misplaced Trust, Bureau of Indian Affairs Mismanagement of the Indian Trust Fund*, H.R. Rep. No. 102-499, 102d Cong., 2-3 (1992).

32. Congress has concluded that the Bureau of Indian Affairs has failed and continues to fail in the management and investment of tribal trust funds in the manner required by law. *See Id.*

33. In the Act of December 22, 1987, Pub. L. No. 100-102, 101 Stat. 1329, Congress mandated that Defendants: (1) audit and reconcile tribal trust funds, and (2) provide the tribes with an accounting of such funds. Congress reaffirmed these mandates in subsequent legislation, including, but not limited to: Act of October 30, 1989, Pub. L. No. 101-121, 103 Stat. 701; Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915; and Act of November 3, 1991, Pub. L. No. 102-154, 105 Stat. 990. By these Acts, Congress further required that the Defendants certify, through an independent party, the results of the reconciliation of tribal trust funds as the most complete reconciliation possible of such funds.

34. To protect the rights of the Plaintiff and other tribes until an accounting of the trust funds could be completed, Congress has passed legislation since 1990 stating that "the statute of limitations shall not commence to run on any claim concerning losses

to or mismanagement of trust funds until the affected tribe or individual Indian has been furnished with an accounting of such funds from which the beneficiary can determine whether [it has suffered a loss]." *See* Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915; Act of November 13, 1991, Pub. L. No. 102-154, 105 Stat. 990; Act of October 5, 1992, Pub. L. No. 102-381, 106 Stat. 1374; Act of November 11, 1993, Pub. L. No. 103-138, 107 Stat. 1379; Act of September 30, 1994, Pub. L. No. 103-332, 108 Stat. 2499; Act of April 26, 1996, Pub. L. No. 104-134, 110 Stat. 1341; Act of September 30, 1996, Pub. L. No. 104-208, 110 Stat. 3009; Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543; Act of October 21, 1998, Pub. L. No. 105-277, 112 Stat. 2681; Act of November 29, 1999, Pub. L. No. 106-113, 113 Stat. 1501; Act of October 11, 2000, Pub. L. No. 106-291, 114 Stat. 922; Act of November 5, 2001, Pub. L. No. 107-63.

35. In 1994 Congress enacted the Indian Trust Reform Act, codified at 25 U.S.C. §§ 4001-4061, in an attempt to cure the Department of the Interior's trust asset management problems. Under the Act, Congress acknowledged the pre-existing trust duties of the United States, and charged the Defendants with additional trust duties to ensure the proper discharge of their individual trust responsibilities, as well as the trust responsibilities of the United States.

36. As evidenced by reports issued by the Interior Department's Inspector General, the General Accounting Office, and the Office of Management and Budget, among others, despite the numerous Acts of Congress, Defendants have continually failed to implement the reforms mandated by law and have hampered the Special Trustee for American Indians in his efforts to perform his legal duties and obligations.

The Defendants' continued failure to implement the mandated reforms and to provide timely and meaningful accounting is now the subject of pending litigation in federal court. *See Cobell v. Norton*, No. 96-1285 (D.D.C.) The proceedings in that case, dealing with individual Indian money accounts, confirm the Government's breach of its fiduciary duty as trustee to carry out its obligations to individual Indians and tribes. *See Cobell v. Babbitt*, 91 F. Supp. 2d. 1 (D.D.C. 1999), *aff'd sub nom Cobell v. Norton*, 240 F.3d 1081 (D.C. Cir. 2001).

37. Upon information and belief, the mismanagement and lack of a basic ability to manage tribal trust funds has resulted in losses to the Plaintiff, the extent of which is unknown to Plaintiff at this time because defendants have: (a) failed to provide Plaintiff with a full and complete accounting of the amount contained in each of its trust fund accounts, and the few reports that Defendant has provided, like the report prepared by Arthur Anderson, are incomplete and inaccurate; (b) failed to provide Plaintiff with a comprehensive statement of the use and investment of its trust funds and the interest rate earned on those funds; (c) failed to maintain an accurate accounting and records of the Plaintiff's accounts; (d) lost and destroyed relevant trust account records; (e) failed or refused to disclose known losses and unmade or incomplete payments to the Plaintiff as trust beneficiary; (f) failed or refused to disclose known delays in making deposits and investments of Plaintiff's trust funds thereby not maximizing the rate of return of those funds as prescribed by law; (g) failed or refused to reimburse the Plaintiff and other trust beneficiaries for losses to their trust funds; and (h) failed to properly create certain trust accounts and deposit the appropriate monies in those accounts.

**E. REQUEST FOR RELIEF**

Plaintiff asks this Court to enter judgment in favor of Plaintiff and against Defendants:

1. Awarding Plaintiff monetary damages proven at trial or upon motion to the court, plus interest;

2. Ordering Defendants to correct all records pertaining to Plaintiff's trust assets pursuant to 28 USC §1491(a)(2);

3. Remanding appropriate matters to Defendants with such direction as the Court deems proper and just pursuant to 28 USC §1491(a)(2);

4. Awarding Plaintiff its costs and attorneys' fees without limitation, under the Equal Access to Justice Act, 28 U.S.C. § 2412, and other applicable federal statutes and law; and

5. Awarding Plaintiff all other relief that the Court deems proper and just.

Dated: December 22, 2006

LUEBBEN JOHNSON & BARNHOUSE LLP

Thomas E. Luebben
211 12th Street NW
Albuquerque, NM 87102
(505) 842-6123
(505) 842-6124 fax

Attorney for Plaintiff,
Yomba Shoshone Tribe