IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YOMBA SHOSHONE TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-cv-00896L<br>Judge Edward J. Damich |

**JOINT MOTION FOR EXTENSION OF TEMPORARY STAY OF LITIGATION AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully request that this Court extend the current temporary stay of litigation by ninety (90) days, to February 25, 2008. The parties respectfully request that, among other things, Defendant's obligation to file its Answer or otherwise respond to the Complaint, as well as the parties' mutual obligations to prepare and submit a joint preliminary status report ("JPSR") and to plan and move forward with formal discovery once the Answer has been filed, be deferred until after the expiration of the requested extension of the temporary stay of litigation, so that the parties can continue their discussions about the possibility of settlement and their informal document and data exchange efforts. This joint motion is the parties' third such motion.

In support of their joint request, the parties state the following:

1. As detailed in the parties' Joint Status Report, filed on November 13, 2007, the parties have conducted a series of telephonic conferences and one meeting to explore possible settlement avenues that might be available for resolving Plaintiffs' claims without the need for protracted litigation. As also stated in the November 13 joint status report, the parties have been and continue to be conducting informal document and data exchanges, so as to provide the parties with

information and materials about trust and judgment funds accounts in which Plaintiff has claimed an interest.

2. In a conference call on November 6, 2007, Plaintiff's counsel requested that Defendant consider the possibility of making a settlement offer to Plaintiff based on the Western Shoshone Judgment Funds. Plaintiff's counsel also asked whether Defendant could present a briefing and presentation about the results of the Tribal trust fund reconciliation project relating to the Judgment Funds to other Western Shoshone Tribal groups that have been identified in connection with the Western Shoshone Judgment Fund. This briefing and presentation would be similar to the one that Defendant provided to Plaintiff's counsel and Plaintiff's chairman in Carson City, NV, on September 17, 2007 .

3. Defendant is considering Plaintiff's requests and planning to provide its response to Plaintiff shortly. Among other things, Defendant's counsel and the attorney in the Solicitor's Office of the United States Department of the Interior ("Interior"), who is assigned to this case, has to conduct additional research and confer about their research results with each other and with the attorney in the Office of the Chief Counsel of the Financial Management Service ("FMS") of the United States Department of the Treasury ("Treasury"), who is assigned to this case. (The Interior and Treasury Departments are the two federal agencies principally affected by this lawsuit.) Further, Defendant's counsel, the Interior Solicitor's Office attorney, and the Treasury FMS Chief Counsel's Office attorney have to confer with their respective client agencies, which include the Office of Historical Trust Accounting ("OHTA") and the Office of the Special Trustee for American Indians ("OST"), and make the appropriate determinations. Defendant needs adequate time to complete these various discussions and determinations.

4. The parties believe that their work thus far have been productive. Nonetheless, depending on the outcomes of the foregoing federal agency discussions and Defendant's ultimate response to Plaintiff regarding the questions posed by Plaintiff's counsel, the parties need additional time so that they can conduct follow-up conferences between themselves, consider the possibility of whether and how to proceed in their current exploration of possible settlement or informal resolution avenues, decide on a proposed course of action (if possible), and, if necessary or appropriate, inform the Court.

5. The parties propose that, in the event that the Court grants this joint motion, the parties file a joint status report with the Court on or before February 11, 2007.

6. For the foregoing reasons, the parties jointly and respectfully request that the Court extend the current temporary stay of litigation by ninety (90) days, to and including February 25, 2008. The granting of this joint motion will not unduly prejudice or harm the rights and interests of the parties herein. Further, it will serve the public interest by promoting judicial efficiency and conservation of judicial, as well as the parties' own scarce, resources.

Respectfully submitted this 26th day of November, 2007,

*s/ Thomas E. Luebben, by Daniel G. Steele*
*pursuant to written authorization*
THOMAS E. LUEBBEN
Luebben, Johnson & Barnhouse, LLP
211 12th Street, N.W.
Albuquerque, NM 87102
Tel: (505) 842-6123
Fax: (505) 842-6124
Fax: (202) 353-2021

Attorney of Record for Plaintiff

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Daniel G. Steele*
DANIEL G. STEELE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0484
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

SAMUEL HOUGH
Luebben, Johnson & Barnhouse, LLP
211 12th Street, N.W.
Albuquerque, NM 87102
Tel: (505) 842-6123
Fax: (505) 842-6124

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

MICHAEL BIANCO
United States Department of the
Interior, Office of the Solicitor
Washington, D.C. 20240

TERESA E. DAWSON
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227