# In the United States Court of Federal Claims

| | | |
|---|---|---|
| THE WESTERN SHOSHONE IDENTIFIABLE GROUP, represented by THE YOMBA SHOSHONE TRIBE, a federally recognized Indian Tribe, THE TIMBISHA SHOSHONE TRIBE, a federally-recognized Indian Tribe, and THE DUCKWATER SHOSHONE TRIBE, a federally-recognized Indian Tribe; AND INDIVIDUAL WESTERN SHOSHONES MAURICE FRANK-CHURCHILL, JERRY MILLET, AND VIRGINIA SANCHEZ, ON THEIR OWN BEHALF AND ON BEHALF OF THE WESTERN SHOSHONE IDENTIFIABLE GROUP | ) | |
| Plaintiffs, | ) | No. 1:06-cv-00896-EJD<br>Chief Judge Edward J. Damich |
| v. | ) | |
| THE UNITED STATES;<br>DIRK KEMPTHORNE, Secretary of Interior, U.S. Department of the Interior;<br>ROSS O. SWIMMER, Special Trustee, Office of Special Trustee for American Indians, U.S. Department of the Interior;<br>HENRY M. PAULSON, JR., Secretary of the Treasury, U.S. Department of the Treasury, | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### A. Introduction.

The Yomba Shoshone Tribe filed this case on December 26, 2006, seeking damages for the mismanagement of the tribal trust funds awarded by the United States Court of Claims in *Western Shoshone Identifiable Group v. United States*, Dockets 326-K, 326-A-1 and 326-A-3

before the Indian Claims Commission. The Yomba Shoshone Tribe is one of nine federally-recognized Western Shoshone tribal governments who are members of the Western Shoshone Identifiable Group. Exhibit D at 11; Exhibit E at 1.

The Plaintiffs' First Amended Complaint, filed March 12, 2008, added three named individual Western Shoshone Indian plaintiffs who are enrolled members of the Yomba Shoshone Tribe (Maurice Frank-Churchill) and the Duckwater Shoshone Tribe (Jerry Millett, Chairman of the Duckwater Shoshone Tribal Council, and Virginia Sanchez).

The governing councils of the Duckwater and Timbisha Shoshone Tribes recently decided to join this case as co-plaintiffs together with the Yomba Shoshone Tribe and the individual Western Shoshone plaintiffs, all as representatives of the Western Shoshone Identifiable Group. Exhibits A and B. The objective of this motion for leave to file the Plaintiffs' Second Amended Complaint is simply to add as co-plaintiffs the Timbisha Shoshone Tribe and the Duckwater Shoshone Tribe. Both the Timbisha and Duckwater Shoshone Tribes are federally-recognized Western Shoshone tribes who are members of the Western Shoshone Identifiable Group. Exhibit D at 11-12; Exhibit E at 1. See also, *Te-Moak Bands of Western Shoshone Indians of Nevada, et al. v. United States*, Docket 326-A, 18 Cl. Ct. 82, (1989).

## B. Court of Federal Claims Rules 15(a), 20(a) and 24(b) Allow the Plaintiffs' Second Amended Complaint to Add the Timbisha and Duckwater Shoshone Tribes as Co-Plaintiffs.

### 1. RCFC 15, Amended and Supplemental Pleadings.

RCFC 15(a) reads in relevant part:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served …. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and **leave shall be freely given when justice so requires**. [Emphasis supplied.]

It is an abuse of discretion to not allow the amendment of a complaint for lesser reasons than undue delay, bad faith, a dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party, or futility of the amendment. *Effingham County Bd. of Education v United States* 9 Cl Ct 177 (1985). None of these circumstances exist with respect to this Motion.

In view of the facts and circumstances, the plaintiffs believe that their present motion for leave to amend clearly falls within Rule 15(a)'s mandate that "leave shall be freely given when justice so requires."

**2. RCFC 20, Permissive Joinder of Parties.**

RCFC 20(a) reads in relevant part:

> (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

In the case at bar, the interests of the Plaintiffs are identical and they arise out of the very same transactions and occurrences; that is, the establishment of federal trust accounts to receive, hold and invest the common proceeds of the Court of Claims awards in *Western Shoshone Identifiable Group v. United States*, Dockets 326-A and 326-K originally before the Indian Claims Commission. All questions of law and fact that may arise in this action are common to all of the plaintiffs. The Timbisha and Duckwater Shoshone Tribes could have been named as co-plaintiffs with the Yomba Shoshone Tribe under RCFC 20(a) when this case was first filed had they chosen to be included at that time.

### 3. RCFC 24, Intervention.

RCFC 24(b) reads in pertinent part:

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) **when an applicant's claim or defense and the main action have a question of law or fact in common.** In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. [Emphasis supplied.]

In this instance Rule 24(b)(2) applies. The two Western Shoshone tribes who wish to join this lawsuit as plaintiffs, as well as the existing plaintiffs, have identical claims against the United States for damages for the mismanagement of the plaintiffs' common Western Shoshone tribal trust funds, which are the proceeds of the Court of Claims awards in Indian Claims Commission Dockets 326-A and 326-K. The addition of two new tribal plaintiffs with identical interests as the existing plaintiffs in claims for the mismanagement of a common tribal trust fund will not delay or prejudice the adjudication of the rights of the original parties.

## C. Contents of Plaintiffs' Second Amended Complaint.

The amendments contained in the plaintiffs' proposed Second Amended Complaint, Exhibit C, do not substantially expand the factual or legal dimensions of this litigation as framed by plaintiffs' First Amended, since the only significant changes made by the proposed Second Amended Complaint are: (a) to rearrange the caption with the addition of tribal plaintiffs Timbisha Shoshone Tribe and Duckwater Shoshone Tribe as representatives of the Western Shoshone Identifiable Group, b) to add references to the new plaintiffs in the text of the complaint, (c) to add descriptions of the new plaintiffs to Section B. PARTIES and d) state that individual plaintiffs Frank-Churchill, Millett and Sanchez are members of the Western Shoshone Identifiable Group.

**D. Conclusion.**

In view of the foregoing facts and circumstances, the existing plaintiffs and the new plaintiffs believe that the present motion for leave to amend is allowable under RCFC Rules 15(a), 20(a) and 24(b) and should be granted as a matter of justice and judicial economy.

Dated: May 22, 2008

Respectfully submitted,

LUEBBEN JOHNSON & BARNHOUSE LLP

/s/ Thomas E. Luebben

Thomas E. Luebben
7424 4th Street NW
Los Ranchos de Albuquerque, NM 87107
(505) 842-6123
(505) 842-6124 fax

Attorney for plaintiffs, Yomba Shoshone Tribe, Maurice Frank-Churchill, Jerry Millet, and Virginia Sanchez, as representatives of the Western Shoshone Identifiable Group

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT and PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT were served on May 22, 2008, by Electronic case filing on the following counsel:

Daniel G. Steele daniel.steele@usdoj.gov, Anthony .Hoang@usdoj.gov, efile_nrs.enrd@usdoj.gov, efile_nrs.tt.enrd@usdoj.gov

/s/ Thomas E. Luebben

Thomas E. Luebben