| | | |
|---|---|---|
| YOMBA SHOSHONE TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-cv-00896L<br>Judge Edward J. Damich |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR RELATED RELIEF**

Defendants do not oppose the filing of Plaintiffs' Second Amended Complaint as proposed by Plaintiffs Motion for Leave to File Second Amended Complaint filed on May 22, 2008, but seek herein related relief concerning deferral of Defendants' Answer or other response to the Second Amended Complaint and for deferral of other obligations which arise by its filing.

**Background**

The parties are presently litigating the issue of whether or not the Yomba Shoshone Tribe can meet its burden of establishing entitlement to monetary compensation pursuant to the Western Shoshone Claims Distribution Act of 2004, PUB. L. 108-270, 118 Stat.805 ("Distribution Act"). Pursuant to the Court's Order of February 22, 2008, all other proceedings are stayed, including the Defendant's obligation to respond to the Plaintiffs' Complaint until the Court rules on Defendant's pending motion to dismiss. Defendant filed its Motion to Dismiss on the aforementioned threshold issue on March 28, 2008, Plaintiffs' responded on May 16, 2008, and Defendant's reply is to be filed on July 2, 2008.

Plaintiffs' Second Amended Complaint would add two other Tribal entities as party Plaintiffs in the case, namely the Duckwater Shoshone Tribe and the Timbisha Shoshone Tribe.

Assuming that this Court grants the filing of Plaintiffs' Second Amended Complaint, Defendants would seek to dismiss these tribal entities as well for all the reasons articulated in Defendant's pending Motion to Dismiss. Plaintiffs' Second Amended Complaint would also join individual Plaintiffs to the suit as did Plaintiffs' First Amended Complaint. The pending motions practice only seeks to dismiss the Yomba Shoshone Tribe, not individuals who also seek joinder through Plaintiffs' First Amended Complaint. Similarly, Plaintiffs' Second Amended Complaint seeks to join two additional tribes and other individuals. Should the Court grant the relief requested herein, the pending motion practice would seek to dismiss all the tribal claims, not the individual claims.

**The Requested Relief**

**I. DEFENDANTS SEEK TO DEFER THE OBLIGATIONS OF THE PARTIES UNTIL 45 DAYS AFTER THE COURT RULES ON DEFENDANT'S PENDING MOTION TO DISMISS**

Rule 15 of the Rule of the Court of Federal Claims ("RCFC") directs that Defendant shall respond to an amended pleading ". . . within 10 days after service of the amended pleading . . . ." Defendant moves to defer the time for Defendant to respond to the First Amended Complaint and further requests that the Court defer the parties' mutual obligations to commence formal discovery and to make RCFC Appendix G disclosures until forty-five (45) days after the Court rules on Defendant's motion to dismiss Tribal claims.

In support of the requested relief, Defendant notes that the Court has suspended other proceedings in the lawsuit until Defendant's pending motion to dismiss is decided. Defendant submits that it is in the Court's and the parties' interests in efficiency, economy, and effective pleading practice to suspend the other proceedings, including Defendant's obligation to respond

to the First Amended Complaint until 45 days after Defendant's motion is decided. Without the requested relief, Defendant would be in the impractical position of attempting to respond to the allegations of individual Plaintiffs (while its motion is pending as to the proposed tribal Plaintiffs) when in fact many of the allegations apply to both the Tribal and individual Plaintiffs.

## II. DEFENDANT ALSO SEEKS TO EXTEND THE REACH OF THE PENDING MOTIONS PRACTICE TO INCLUDE THE PROPOSED JOINDER OF THE DUCKWATER AND TIMBISHA SHOSHONE TRIBES

Defendant seeks dismissal of the Yomba Tribe because, in Defendant's view, the Tribe fails to state a claim upon which relief can be granted. Specifically, the Distribution Act enacted a process to distribute the judgment funds solely on a per capita basis following bloodline, without any distribution to be made – whether direct, reversionary, or otherwise – to any Tribes and/or Bands of Shoshone Indians. Thus, a Tribe cannot state a claim for relief that would entitle it to a money damages remedy for inadequate interest earnings to the Tribe. The Tribe has no right to any part of the distribution or interest that was earned during the time the funds reside in Government accounts. The Tribal prohibition applies to the Plaintiff Yomba Shoshone Tribe as it would also apply to the Duckwater and Timbisha Shoshone Tribes for the same reasons. Defendant, therefore, seeks to extend the reach of the pending motions practice to these proposed Tribal Plaintiffs. Assuming the filing of Plaintiffs' Second Amended Complaint, not to do so, would require the parties to brief identical issues in later proceedings causing a further delay in the consideration of the underlying issues in the suit.

On the other hand, the requested relief should not cause any additional delay in the resolution of meritorious claims, especially in view of the fact that Defendant intends to continue its ongoing practice of responding to Plaintiffs' informal discovery and information requests in

order to provide accounting and other relevant information to Plaintiffs pursuant to their inquiries.

**Conclusion**

For the foregoing reasons, Defendant moves the Court to (1) extend the reach of the pending motions practice to the Duckwater and Timbisha Shoshone Tribes and (2) defer all other proceedings and obligations in the suit arising from the filing of the Second Amended Complaint, including Defendants' Answer or other response, until 45 days after the Court rules on Defendant's Motion to Dismiss all the Tribal claims.

On this date, Defendant discussed the related relief requested herein with Plaintiffs' counsel, Samuel D. Hough and Thomas E. Luebben. Counsel stated that Plaintiffs will file their reply upon receipt of this response to Plaintiffs' Motion for Leave to File Second Amended Complaint.

Dated this 9th day of June, 2008.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General

*/s/Daniel G. Steele*
Daniel G. Steele
U.S. Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C. 20044-0482
Daniel.steele@usdoj.gov
Tel: (202) 305-0484
Fax: (202) 305-0506
Attorney of Record for Defendant

Of Counsel:
Michael Bianco, Esquire
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

Teresa E. Dawson, Esquire
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Defendant's Response to Plaintiffs' Motion for Leave to File Second Amended Complaint and for Related Relief was served on June 9, 2008, by Electronic Case Filing on the following counsel:

Thomas E. Luebben, Esq.
Sammuel Hough, Esq.
Luebben, Johnson & Barnhouse, LLP
7424 4th Street, N.W.
Los Ranchos de Albuquerque, NM 8710

Dated: June 9, 2008

*s/ Daniel G. Steele*
Daniel G. Steele